# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**JASON WALDROP KING**                                                              **PLAINTIFF**

**V.**                                                                 **NO. 4:15-CV-00094-DMB-DAS**

**M.D.O.C. PAROLE BOARD**                                             **DEFENDANT**

## MEMORANDUM OPINION

This matter is before the Court on the *pro se* prisoner complaint of Jason Waldrop King, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the Court notes that King was incarcerated when he filed this suit. King alleges that the M.D.O.C. Parole Board has denied his requests for parole without adequate justification. For the reasons below, this case will be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

The Mississippi Parole Board issued a decision on February 13, 2015, denying King's request for parole. King was convicted on nine charges in 1993 and was sentenced to a term of life imprisonment with the possibility of parole. According to the Mississippi Department of Corrections website, King is currently serving nine sentences, including sentences imposed for capital rape, fondling, and sexual battery. *See https://www.ms.gov/mdoc/inmate/Search/GetDetails/82493.* The Mississippi Department of Corrections website displays only three convictions but shows the total number of sentences being served. *Id.* Though King did not present the Court with a copy of the Parole Board's decision, King did include a request for reconsideration of the decision, in which he challenges the Parole Board's reasons for denying his request for parole as "insufficient time served" and the likelihood that, if released, he would pose a danger to the community. According to King, 22

years of incarceration should constitute sufficient time served, and during that time, he has never been found guilty of a rule violation. King believes that his ability to follow prison rules over such a long period shows that he is capable of living by the rules of society if he were to be released on parole.

## Claims Regarding Actions of the Parole Board

As an initial matter, King's § 1983 claims based upon the violation of state law should be dismissed for failure to state a claim upon which relief could be granted. Violation of state law does not, alone, give rise to a cause of action under § 1983. *Williams v. Treen*, 671 F.2d 892, 900 (5th Cir. 1982).

Next, the Due Process Clause provides protection only from those state procedures which imperil a protected liberty or property interest. *Olim v. Wakinekona*, 461 U.S. 238, 250–51 (1983). Mississippi law regarding probation and parole is found in Miss. Code Ann. § 47-7-1, *et. seq*. Thus, unless the Mississippi statutes governing parole afford prisoners a liberty or property interest, prisoners cannot mount a procedural or substantive due process challenge to the actions of the Parole Board. *See, e.g., Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Mississippi parole statutes do not, however, bestow a liberty or property interest upon prisoners; hence, Mississippi prisoners cannot challenge the decisions of the Parole Board on due process grounds. *Irving v. Thigpen*, 732 F.2d 1215, 1218 (5th Cir. 1984).[1]

King looks to *Saldate v. Adams*, 573 F.Supp.2d 1303 (E.D. Cal. 2008), to support his argument that his allegations regarding denial of parole state a claim under federal law. King's reliance on *Saldate* is misplaced. First, *Saldate* was decided by the Ninth Circuit and is thus not binding on this Court. In addition, *Saldate* is easily distinguishable from the present case. As

---

[1] A section of Mississippi's parole statutes, Miss. Code Ann. § 47-7-3, has been held unconstitutional as to juvenile offenders in cases where a life sentence without the possibility of parole is mandatory. *Parker v. State*, 119 So.3d 987 (Miss. 2013). King was not a juvenile at the time of his offenses, and his sentences afforded him the possibility of parole; as such, *Parker* has no application in this case.

mentioned above, Mississippi's parole statutes do not bestow a constitutionally protected liberty interest, but California statutes do vest such an interest:

> California Penal Code § 3041 vests all California prisoners "whose sentences provide for the possibility of parole with a constitutionally protected liberty interest in the receipt of a parole release date, a liberty interest that is protected by the procedural safeguards of the Due Process Clause." *Irons,* 505 F.3d at 850; *see Sass,* 461 F.3d at 1128; *Biggs v. Terhune,* 334 F.3d 910, 914 (9th Cir. 2003).

*Saldate*, 573 F. Supp. 2d at 1305. This difference in state law explains why Saldate's allegations rose to the level of a constitutional claim but King's do not.

Therefore, King's due process claims should be dismissed for failure to state a claim upon which relief could be granted.[2] *See Irving*, 732 F.2d at 1218 (Mississippi prisoner "cannot maintain a section 1983 action or a habeas petition on the grounds that the parole board has deprived him of procedural due process.") (citations omitted).

## Conclusion

For the reasons above, King's claims should, and will, be dismissed for failure to state a claim upon which relief could be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this 15th day of December, 2015.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[2] To the extent King's complaint may be read to also state an equal protection claim, such claim also fails to state a claim upon which relief could be granted because King has failed to identify "two or more relevant persons or groups" that the government has classified and treated differently to his detriment. *Vera v. Tue*, 73 F.3d 604, 609-10 (5th Cir. 1996).